UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> NICHOLAS ROVINSKI, <br> *Defendant.* | No. 15-cr-10153-WGY |

**MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

Defendant, Nicholas Rovinski, respectfully requests that his conditions of supervised release be modified to replace home confinement with a 9 p.m. to 5 a.m. curfew (subject to location monitoring) and that Probation be afforded discretion to grant exceptions to the curfew for appropriate pre-approved purposes such as family gatherings.

Mr. Rovinski has been fully compliant with his release conditions to date. Probation takes no position on this motion. The government has stated that it will oppose this motion.

As grounds for this motion, undersigned counsel states:

1.  On August 11, 2020, this Court granted Mr. Rovinski's motion for compassionate release under 18 U.S.C. § 3582. He remains subject to a life term of supervised release.

2.  The Court ordered that ten years of supervised release be served on home confinement but stated, "[a]fter successfully completing six months of strict

1

home confinement, he may petition the Court for a modification of this condition." D.E. 470.

3. Mr. Rovinski is subject to courtesy supervision by U.S. Probation in Rhode Island, where he resides with his mother, but this Court and U.S. Probation for this district retain jurisdiction over the case.

4. Shortly after Mr. Rovinski successfully completed six months of home confinement, undersigned counsel reached out to D. Mass. U.S. Probation and to the government in order to ascertain what, if any, modified conditions might be acceptable to each.

5. On March 29, 2021, U.S. Probation advised undersigned counsel:

> U.S. Probation for the District of Rhode Island advises that Mr. Rovinski has been compliant with his term of supervised release and his LM requirements. At this time, the Probation Office would recommend transitioning Mr. Rovinski's LM requirement in stages. We would recommend that he remain on location monitoring, but that he be placed on a curfew to be confined to his residence from 9 pm to 5 am.

6. After apparent consultations between the U.S. Attorney's Office for this district and the Department of Justice in Washington, D.C., the government advised that it would not assent to the modification suggested by Probation.

7. Over the ensuing weeks until the present time, undersigned counsel engaged in extended efforts to determine whether some other formulation of "step-down" conditions might be acceptable to the U.S. Attorney and the Department of Justice. Ultimately, the government stated that it would oppose any modification of the home confinement condition.

8. In light of the government's opposition, Probation has now stated that it will take no position on this motion.

9. The Court should grant this motion because continuing home confinement is neither necessary nor appropriate.

10. First, Mr. Rovinski has been scrupulously compliant will all conditions, including the home confinement condition, for nearly a year.

11. Second, it is unrealistic and counterproductive to keep Mr. Rovinski on home confinement indefinitely. In order to build a constructive life going forward, Mr. Rovinski should be afforded the opportunity to pursue work, education, and social interaction outside the four walls of his mother's home.

12. Third, ongoing Probation supervision and restrictions are more than sufficient to assure public safety. While this case carries a fraught "terrorism" label, as the Court is well aware from trial testimony and previous submissions, Mr. Rovinski's personal characteristics, role in the offense, and conduct post-arrest all strongly demonstrate that he poses no threat to public safety going forward.

13. The FBI case agents have stayed in contact with Mr. Rovinski following their extended interaction during the co-defendant's trial. After the agents visited Mr. Rovinski at his home on September 11, 2020, they reported:

> Nicholas was the only person home and cordially greeted us at the front door. He invited us to the back patio where we sat at a table and had a short discussion. Due to the current Coronavirus Pandemic, all three of us wore masks during the visit.
>
> Nicholas was appreciative that he was released from FCI Danbury and granted home confinement. Nicholas talked about being incarcerated and some of his experiences while at FCI

> Danbury. He expressed interest in establishing a career in either the culinary field or cell phone signal analysis once he is permitted to leave the residence to obtain a job. He is researching courses and other online education options in preparation, such as "OSHA 10" for culinary certification, which is one of his passions. Nicholas discussed his much improved relationship with his father (and newly married step mother), who is also assisting him to find educational and work options. He is looking forward to getting on with his life and putting this chapter behind him. He wants to be a productive member of society. He described his time in prison by stating that he never wants to be in a place like that ever again. Nicholas also told us that he felt that his cognitive skills were slipping due to his incarceration. Nicholas expressed sincere regret to Kate and I for his actions and has asked for forgiveness. He has established connections with family members since being released. His brother has since moved out the house and has had a baby. His father and stepmother have also visited him at the house. There are a few extended family members (aunt and uncle) who have not been in contact due to his actions, but he stated that there is nothing he can do about it and that what others do is out of his control.
> . . . .
> Nicholas was personable and friendly throughout our meeting. We gave him our business cards and told him to feel free to reach out to us at any time.

For the foregoing reasons, the Court should grant this motion.

                                    Respectfully submitted,

                                    NICHOLAS ROVINSKI
                                    By his attorneys,

                                    */s/ William Fick*
                                    William W. Fick, BBO# 650562
                                    Amy Barsky, BBO# 601111
                                    FICK & MARX LLP
                                    24 Federal Street, 4th Floor
                                    Boston, MA  02210
                                    857-321-8360
                                    WFICK@FICKMARX.COM
                                    ABARSKY@FICKMARX.COM

## **Certificate of Service**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 28, 2021.

                                                    */s/ William Fick*
                                                    William Fick